[No. B020012. Second Dist., Div. Six. June 18, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN B., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to rule 976.1 of the California Rules of Court, the portion of the opinion certified for publication follows.

COUNSEL

Corinne S. Shulman, under appointment by the Court of Appeal, and John B., in pro. per., for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Andrew D. Amerson and Keith H. Borjon, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GILBERT, J.**—Here we affirm a conviction for violation of Penal Code section 288, subdivision (b). Although the trial court may have erred in admitting the testimony of the defendant's psychotherapist concerning a therapy session not reported pursuant to the Child Abuse Reporting Act (Pen. Code, § 11165 et seq.), the error was without prejudice.

### FACTS

On February 16, 1985, defendant, John B., walked into a Veteran's Administration Hospital emergency room seeking psychiatric help. He told Doctor Melinda Young, a psychiatric resident, that he tried to kill his wife that morning and wished to kill himself. John B.'s wife, who accompanied him to the hospital, confirmed that he had tried to strangle her. Doctor Young admitted John B. to the hospital on a four-day involuntary hold because he appeared to be a danger to himself and others.

On February 19, the third day of his stay, John B. informed Doctor Young that he had been sexually abusing his 10-year-old daughter, Sonya. After soliciting a few details from him, Doctor Young told John B. that she would have to report him to the authorities, which she promptly did pursuant to the Child Abuse Reporting Act. During another session with Doctor Young the next day, John B. again discussed sexually abusing Sonya, revealing further details. Doctor Young did not file an additional report concerning this second session.

John B. was charged with 10 counts of committing lewd and lascivious acts on a child under the age of 14 by use of force, violence, duress, menace or fear of immediate and unlawful bodily injury, in violation of Penal Code section 288, subdivision (b). The first eight counts were alleged to have taken place between September 1982 and October 1984, and the remaining

two counts on or about January 1985. John B. pleaded not guilty and not guilty by reason of insanity.

At a court trial the sanity and guilt phase were tried concurrently. Doctor Young testified for the People, subject to a motion to suppress under Evidence Code section 402, as to what John B. told her about his relationship with Sonya. She also testified as to her view of John B.'s mental condition. The motion to suppress was denied. Also testifying for the People was Sonya. John B. testified on his own behalf.

John B. was convicted of all 10 counts and sentenced to a total fixed term of 64 years. He argues on appeal that Doctor Young's testimony concerning the second therapy session was inadmissible because it violated the psychotherapist-patient privilege and because Doctor Young failed to warn him of her statutory duty to testify.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .*

DISCUSSION

I.

Doctor Young's testimony as to statements made by John B. during the second session were admitted to prove guilt.

John B. contends that Penal Code section 11171, subdivision (b), which suspends the psychotherapist-patient privilege as to information reported pursuant to the Child Abuse Reporting Act, *supra,* does not apply to the February 20 statements because Doctor Young did not report those statements to the authorities. Alternatively, John B. contends that Doctor Young should have warned him at the beginning of the second session that she was under a duty to testify against him for any statements made.

A confidential communication between a patient and a psychotherapist is privileged, and the patient may prevent the psychotherapist from disclosing in court statements made during the communication. (Evid. Code, § 1014.) Confidential communications are protected "to encourage those who may pose a threat to themselves or to others, because of some mental or emotional disturbance, to seek professional assistance." (*People* v. *Stritzinger* (1983) 34 Cal.3d 505, 511 [194 Cal.Rptr. 431, 668 P.2d 738].) ■ The privilege

---

*See footnote, *ante,* page 1073.

reflects a patient's constitutional right to privacy (Cal. Const., art. I, § 1) and is broadly construed in favor of the patient. (*People* v. *Stritzinger, supra,* 34 Cal.3d at p. 511; *Roberts* v. *Superior Court* (1973) 9 Cal.3d 330 [107 Cal.Rptr. 309, 508 P.2d 309]; *In re Lifschutz* (1970) 2 Cal.3d 415 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1].) The psychotherapist-client privilege is broader than other privileges. Unlike the physician-patient privilege, for example, the psychotherapist-patient privilege can be invoked in a criminal proceeding. (See Evid. Code, § 998; Sen. Judiciary Com. com to Evid. Code, § 1014, West's Ann. Evid. Code (1966) pp. 621-622.)

But the privilege is not absolute and must yield in the face of compelling state interests such as the detection and prevention of child abuse. (*People* v. *Younghanz* (1984) 156 Cal.App.3d 811, 816-17 [202 Cal.Rptr. 907]; *People* v. *Stritzinger, supra,* 34 Cal.3d at pp. 511-512.) The Child Abuse Reporting Act, *supra,* imposes on psychotherapists the affirmative duty to report to a child protective agency all known and suspected instances of child abuse. " 'Neither the physician-patient privilege nor the psychotherapist-patient privilege applies to information reported pursuant to [The Child Abuse Reporting Act] in any court proceeding or administrative hearing.' " (*People* v. *Stritzinger, supra,* 34 Cal.3d at p. 512, quoting Pen. Code, § 11171, subd. (b).)

■ Doctor Young was required to testify about John B.'s first conversation with her because that was the conversation she reported to the authorities. John B. argues however that the statutory waiver of the psychotherapist-client privilege does not extend to his second conversation with Doctor Young because she did not actually report that conversation, and was under no duty to do so. (Pen. Code, § 11171, subd. (b).) The People assert that Doctor Young was under a duty to report any new instances of abuse gleaned from subsequent sessions with John B., and that Penal Code section 11171, subdivision (b) should be interpreted to suspend the privilege for any information "reportable," but not actually reported, to the authorities.

The Child Abuse Reporting Act, *supra,* creates a duty for health care professionals and others to report any known or suspected "instance" of child abuse. (Pen. Code, § 11166.) Once that initial report is made, the psychotherapist is not obligated to report "details given to him by the adult patient in subsequent sessions," unless those sessions reveal "additional incidents" of abuse of the same or another victim. (*People* v. *Stritzinger, supra,* 34 Cal.3d 505, 513-14; *People* v. *Younghanz, supra,* 156 Cal.App.3d 811, 818.)

Doctor Young testified that during the first session, John B. admitted to fondling Sonya, having her perform oral sex on him, and having intercourse

with her. She then testified that during the second session, John B.'s descriptions were "somewhat different ..." and included Sonya's suckling on his breasts, his performing oral sex on her, and his ejaculating on her stomach. He also told Doctor Young at the second session that these activities continued up until the day before he was admitted to the hospital.

We cannot tell from the record whether these second session admissions constituted "additional incidents" of abuse or merely "redundant communications" providing the therapist with details of the abuse already reported. (*People* v. *Stritzinger, supra,* 34 Cal.3d 505, 513-14.) If Doctor Young did not realize or suspect that the information gained in the second session constituted "additional incidents," she was under no duty to file a report merely to reiterate her knowledge. (*Id.,* at p. 513; Pen. Code, § 11166, subd. (a).) The trial court made no finding as to whether Doctor Young had a continuing duty to report subsequent sessions.

But even if a duty to report the February 20 session did exist, Doctor Young did not make such a report. Under these circumstances, the psychotherapist-client privilege was not suspended. Penal Code section 11171, subdivision (b) applies by its language to information actually reported. The Legislature did not use the term "reportable," and we decline to rewrite the statute to that end.

The interpretation urged by the People here could require a trial court to determine whether, contrary to the psychotherapist's own good faith interpretation, the information in subsequent therapy sessions revealed "additional incidents" warranting additional reports. The result of such a court inquiry could be compelled testimony by the therapist against her patient on matters which they both may have believed were confidential. Such a scheme goes beyond the Legislature's desire for prompt investigation and prosecution of the alleged child abuse. (*People* v. *Stritzinger, supra,* 34 Cal.3d at p. 512.)

Any exception to the psychotherapist-client privilege must be construed narrowly and applied only when the patient's case falls squarely within its ambit. (*Id.,* at p. 513.) Here the contents of the second session were not reported by Doctor Young, and John B. could therefore properly assert the psychotherapist privilege preventing Doctor Young from testifying as to that session.

■ John B. also contends that Doctor Young's failure to warn him that she had a duty to report details given to her regarding child abuse in subsequent sessions precludes her from testifying as to statements made in the second session. The majority opinion in the *Stritzinger* case did not

place a requirement on the psychotherapist to warn a patient of the duty to report either the first or second incident of child abuse. A duty to warn a patient of the reporting requirement was discussed hypothetically. At page 513 the *Stritzinger* court pointed out that there was no statutory obligation to make a second report concerning the same activity. The court reasoned, however, that if there would be a duty to report additional details of the first report, then only under such circumstances should an advisement be given. "[T]he doctor can be of assistance only if the patient may freely relate his thoughts and actions, his fears and fantasies, his strengths and weaknesses, in a completely uninhibited manner. If the psychiatrist is compelled to go beyond an initial report to authorities regarding a suspected child abuse and must thereafter repeat details given to him by the adult patient in subsequent sessions, candor and integrity would require the doctor to advise the patient at the outset that he will violate his confidence and will inform law enforcement of their discussions. Under such circumstances it is impossible to conceive of any meaningful therapy." (*People* v. *Stritzinger, supra,* 34 Cal.3d at p. 514.)

The concurring opinion suggests that to protect the patient's expectation of privacy, the psychotherapist should warn of the duty to report and testify about instances of child abuse in the first instance. If the patient continues the therapy sessions after the warning, the privilege is waived. (*People* v. *Stritzinger, supra,* 34 Cal.3d at p. 524 (conc. and dis. opin. of Kaus, J.); *People* v. *Younghanz, supra,* 156 Cal.App.3d at p. 818.)

Doctor Young informed John B. of her duty to report the admissions of the first session, but she did not, nor was she required to warn him of her possible duty to report or to testify to admissions made in subsequent sessions. If an initial warning discourages some patients from going ahead with therapy, subsequent warnings, in many cases, would induce the patient to stop therapy altogether. This is harmful to the patient and to the public. The psychotherapist-client privilege of confidentiality exists to encourage those in need of help to seek it before further harming others or themselves. (*Grosslight* v. *Superior Court* (1977) 72 Cal.App.3d 502, 507-508 [140 Cal.Rptr. 278].) Repeated warnings that conversations will be reported eviscerates confidentiality, deters therapy, and frustrates the goal of stopping child abuse.

■ Any error, however, in admitting Doctor Young's testimony about the second session with John B. was not prejudicial. Doctor Young's testimony about the sessions was brief and general in nature, and was repeated in greater detail by Sonya and admitted by John B. himself while testifying on his own behalf. After an examination of the entire case, including the evidence, it is not reasonably probable that a result more favorable to John

B. would have been reached, if Doctor Young did not testify about the second session. (*People* v. *Lines* (1975) 13 Cal.3d 500, 516 [119 Cal.Rptr. 225, 531 P.2d 793]; *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .*

The judgment is affirmed.

Stone, P. J., and Abbe, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 23, 1987.

---

*See footnote, *ante* , page 1073.